**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| RAJESH M. SHAH, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>   v.<br><br>ZIMMER BIOMET HOLDINGS, INC., DAVID C. DVORAK, DANIEL P. FLORIN, and ROBERT J. MARSHALL JR.,<br><br>      Defendants. | Case No. 3:16-cv-00815-TLS-MGG |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF RAJESH SHAH, MATT BRIERLEY AND ERIC LEVY   FOR APPOINTMENT AS LEAD PLAINTIFF <u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

**PRELIMINARY STATEMENT**

Rajesh Shah, Matt Brierley and Eric Levy ("Movants") respectfully move for appointment as lead plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Movants further moves for approval of their selection of counsel on behalf of a putative Class of purchasers of Zimmer Biomet Holdings, Inc. ("Zimmer" or the "Company") securities during the Class Period (as defined below).

Pursuant to the PSLRA, the plaintiff or Movants with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movants believe they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed lead plaintiff based on their financial losses suffered as a result of defendants' wrongful conduct as alleged in the above-referenced actions. Moreover, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims, and Movants are committed to fairly and adequately representing the interests of the Class. Movants believe that their financial interest in this litigation is the largest of any Class member seeking appointment as lead plaintiff in this action. Movants are not aware of any other Class member that has filed a complaint or a motion for appointment as lead plaintiff who suffered greater losses due to defendants' alleged fraud. In addition, Movants satisfy each of the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure and, therefore, is qualified to be appointed as lead plaintiff in

this action. Thus, pursuant to the PSLRA's lead plaintiff provision, Movants are presumptively the "most adequate plaintiff" and should be appointed lead plaintiff for the Class.

Additionally, the Court should approve Movants's selection of lead counsel and liaison counsel for the Class.

## FACTUAL BACKGROUND

This is a class action on behalf of a putative Class (the "Class") comprising those who purchased Zimmer securities between September 7, 2016 and October 31, 2016, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Defendant Zimmer, through various subsidiaries and related entities, designs develops and manufactures medical equipment. The company offers orthopedic and dental reconstructive implants, spinal implants, trauma products, and related surgical products.

Plaintiffs allege that throughout the Class Period Defendants made false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, Defendants misrepresented and/or failed to disclose that: (1) that supply chain problems led to a decrease in order fulfillment rates, most notably within Zimmer's knee and hip portfolios; (2) that, as such, the Company would not achieve its revenues and profit forecast; and (3) that, as a result of the foregoing, Defendants' statements about Zimmer's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

On October 31, 2016, the Company published a press release reporting third quarter 2016 financial results. The Company reported net sales of $1.83 billion, and lowered guidance for the full year 2016 to $7.630 billion to $7.650 billion, down from the $7.68 billion to $7.715 billion estimated in July. The Company reported that the sales weakness stemmed from a change in the

supply chain infrastructure, which led to shortfalls in the availability of implants and instrument sets during the quarter.

Following the press release, in a conference call with investors, the Defendant Florin stated: "Third quarter revenue was below our expectations, primarily due to execution issues within our large joint supply chain, which led to a degradation in order fulfillment rates late in the quarter as well as our performance in dental. . . . As a consequence, we underestimated demand for certain key cross-sell brands within our existing customer base, leading to a depletion of our safety stocks and also affecting our ability to capitalize on new customer opportunities."

On this news shares of Zimmer fell $17.15 per share, or nearly 14%, to close on October 31, 2016 at $105.40 per share.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PROCEDURAL HISTORY

Plaintiff Rajesh M. Shah ("Shah") commenced the first securities class action against Zimmer in this District on December 2, 2016. That same day, counsel for Shah published a PSLRA notice announcing that a securities class action had been initiated against the defendants herein. *See* Declaration of Lesley F. Portnoy ("Portnoy Decl.") at Exhibit ("Exh.") A.

## ARGUMENT

I.   **Movants Should Be Appointed Lead Plaintiff**

The PSLRA provides a sequential procedure for selecting a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as

3

lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Winn v. Symons Int'l Group, Inc.*, No. IP 00-0310-C-B/S, 2001 WL 278113, at *2-*3 (S.D. Ind. Mar. 21, 2001).

The presumption in favor of appointing Movants as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interests of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(b)(iii)(I).

As set forth below, Movants have complied with all of the PSLRA's requirements, and satisfy all of the PSLRA criteria to be appointed lead plaintiff;  have, to the best of their knowledge, the largest financial interest in this litigation, satisfy the relevant requirements of Federal Rule of Civil Procedure 23, and are not aware of any unique defenses defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed lead plaintiff. *See Winn,* 2001 WL

4

278113, at *3 ("If Plaintiff[] satisf[ies] these requirements, [he] will have created a rebuttable presumption that [he] should be appointed lead plaintiff.").

### A.     Movants Filed A Timely Motion In Response To A PSLRA Notice

On December 2, 2016, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, counsel for Shah published a notice of the pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against the defendants herein and advising purchasers of Zimmer securities of the claims asserted, the purported class period, and the January 31, 2017 deadline − 60 days from the publication of the December 2, 2016 notice − to file a motion to be appointed as lead plaintiff.

Movants timely file this motion within the 60-day period following publication of Shah's December 2, 2016 notice, and submit herewith their sworn certification attesting that Movants are willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Portnoy Decl., Exh. B. By making a timely motion in response to a published PSLRA notice, Movants satisfy the first PSLRA requirement to be appointed lead plaintiff. *See Maiden*, 2006 WL 3404777, at *2.

### B.     Movants Have The Largest Financial Interest

To identify the presumptive "most adequate plaintiff," the PSLRA first requires a court to determine "the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).  Movants believe they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff, and accordingly should be presumed to be the "most adequate plaintiff."

During the Class Period, Movants purchased Zimmer securities at prices artificially inflated by defendants' alleged misstatements and omissions and, as a result of their transactions,

5

suffered financial losses of approximately $5,473.38. *See* Portnoy Decl., Exh. C. Movants believe that they have largest financial losses than any other Class member who has filed a complaint or a motion to be appointed lead plaintiff, and do not believe that other Movants', if any, have a larger financial interest in the relief sought by the Class in this action. *Maiden,* 2006 WL 3404777, at *2 ("[C]ourts generally agree that the most important factor is the amount of loss suffered by the plaintiff."). Movants thus satisfy the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class.

### C. Movants Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that a presumptive lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

At this stage of the litigation, a lead plaintiff must make only a preliminary showing that it satisfies the requirements of Rule 23, "courts examine only typicality and adequacy from the list of 'prerequisites to a class action' set forth in Rule 23(a)." *Winn,* 2001 WL 278113, at *5 (citations omitted); *see also Maiden,* 2006 WL 3404777, at *2.

### 1. Movants' Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that the claims of the representative parties be typical of the claims of the class. "This standard is met when a plaintiff's claims 'arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members.'" *Maiden,* 2006 WL 3404777, at *4 (*quoting De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)).

Here, Movants' claims are typical of the claims asserted by the putative Class. Like all of the members of the Class, Movants purchased Zimmer securities during the Class Period, at prices artificially inflated by defendants' allegedly false and misleading statements, and thereby suffered financial losses. Accordingly, Movants' interests and claims are in all respects "typical" of the interests and claims of the Class.

### 2. Movants Are Adequate Representatives

Rule 23(a)(4) requires the proposed lead plaintiff to demonstrate that it will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously." *In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) (citations omitted).

Movants easily meet the adequacy requirements. Movants have retained counsel with the resources, experience and expertise to efficiently and effectively prosecute this action, and their substantial financial losses demonstrate that they have sufficient incentive to ensure vigorous advocacy. *See* Portnoy Decl., Exh. C. Moreover, there is no evidence before the Court of any

conflict or antagonism between Movants' claims and those asserted on behalf of the Class. Thus, Movants satisfies the Rule 23(a) adequacy requirement.

## II. The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *Plumbers,* 256 F.R.D. at 625-26. In the present case, Movants have retained Glancy Prongay & Murray LLP, a law firm with extensive experience and substantial expertise in securities litigation, to pursue this litigation on its behalf, and will retain this firm as plaintiffs' lead counsel, with Katz & Korin, PC as liaison counsel, in the event Movants are appointed lead plaintiff. As reflected by the firms' résumés, attached to the Portnoy Decl. as Exhs. D and E, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movants' selection of counsel.

## CONCLUSION

For the foregoing reasons, Movants respectfully asks the Court to grant its motion and enter an Order (1) appointing Movants Rajesh Shah, Matt Brierley and Eric Levy as lead plaintiff, (2) approving their selection of Glancy Prongay & Murray LLP as lead counsel for the Class, with Katz & Korin, PC as liaison counsel, and (3) granting such other relief as the Court may deem just and proper.

Dated:  January 31, 2017 **GLANCY PRONGAY & MURRAY LLP**

By: *s/ Lesley F. Portnoy*
Lionel Z. Glancy (*Pro Hac Vice to be filed*)
Robert V. Prongay (*Pro Hac Vice to be filed*)
Lesley F. Portnoy (*Admitted Pro Hac Vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  lportnoy@glancylaw.com

Offer Korin, Indiana Atty. No. 14014-49
**KATZ & KORIN, PC**
334 North Senate Avenue
Indianapolis, IN 46204
317-464-1100 (tel.)
317-464-1111 (fax)
E-mail: okorin@katzkorin.com

*Attorneys for Movants*

## PROOF OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old. On January 31, 2017, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of Indiana, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 31, 2017, at Los Angeles, California.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy

# Mailing Information for a Case 3:16-cv-00815-TLS-MGG Shah v. Zimmer Biomet Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Troy S Brown PHV**
  troy.brown@morganlewis.com,kathleen.kosiek@morganlewis.com

- **Offer Korin**
  okorin@katzkorin.com,cmurphy@katzkorin.com

- **Lesley F Portnoy PHV**
  lportnoy@glancylaw.com,info@glancylaw.com

- **Marc J Sonnenfeld PHV**
  marc.sonnenfeld@morganlewis.com

- **Paul A Wolfla**
  paul.wolfla@faegrebd.com,lisa.duboise@faegrebd.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)