## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| RAJESH M. SHAH, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CAUSE NO. 3:16-CV-00815-TLS-MGG ) |
| ZIMER BIOMET HOLDINGS, INC., DAVID C. DVORAK, DANIEL P. FLORIN, and ROBERT J. MARSHALL, JR., | ) ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Ripe before this Court is the Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, filed by Plaintiffs Rajesh Shah, Matt Brierley, and Eric Levy (collectively "Movants") on January 31, 2017. [DE 14]. On February 14, 2017, Defendants, Zimmer Biomet Holdings, Inc., David C. Dvorak, Daniel P. Florin, and Robert J. Marshall, Jr. (collectively "Defendants") filed a response, in which they asserted no position with respect to the motion, the legal, or the factual claims therein, but reserved the right to challenge class certification at an appropriate time. [DE 17]. On February 15, 2017, Movants filed a Notice of Non-Opposition as their motion went unopposed by both the Defendants and any potential class members.

### I.   RELEVANT BACKGROUND

Movants brought this class action under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The PSLRA established new standards and procedures for selecting Lead Plaintiffs and Lead Counsel in class actions alleging violations of securities laws. The key

PSLRA provisions amended the Securities Exchange Act of 1934, and are also referred to as Section 21D of the Securities Exchange Act of 1934.

Under the PSLRA, a plaintiff filing a new putative class action alleging securities fraud must provide a national notice to members of the proposed class informing them of the case, the claims asserted, the relevant claims period, and their right to move the court to serve as Lead Plaintiff. 15 U.S.C. § 78u–4(a)(3)(A)(i). The PSLRA also provides for consolidation of parallel cases. 15 U.S.C. § 78u–4(a)(3)(A)(ii).

After the national notice provides an opportunity for other plaintiffs to step forward, and after the court consolidates parallel actions, the court "shall" appoint "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). The Lead Plaintiff has the power, subject to approval of the court, to select and oversee lead counsel.

## II. ANALYSIS

### A. Appointment of Lead Plaintiff

The PSLRA states that the Lead Plaintiffs need to have filed the complaint or made a motion in response to the published notice of class action, have the largest financial interests in relief sought by the class, and satisfy Fed. R. Civ. P. 23 requirements. *See* 15 U.S.C. § 78u-4(a)(3). Specifically the PSLRA highlights under Rule 23(a), a preliminary inquiry needs to show the Movants can meet the "adequacy of representation" and "typicality" requirements. *See Winn v. Symons Int'l Grp., Inc.*, No. IP 00-0310-C-B/S, 2001 WL 278113, at *4-5 (S.D. Ind. March 21, 2001) (addressing Rule 23 factors relevant to lead plaintiff selection process).

After filing the pending action, the Movants published notice on December 2, 2016, on Business Wire, a press release distribution service. [DE 16-1]. Sixty days after publication, the

2

Movants timely filed the instant motion asking the Court to appoint Lead Plaintiffs. At this time, no other putative class members have come forth to consolidate any parallel actions or object to the Movants' requested appointment. Therefore, the Movants have satisfied the notice requirement of the PSRLA. *See Maiden v. Merge Techs., Inc.*, No. 06-C-349, 2006 WL 3404777, at *2 (E.D. Wis. Nov. 21, 2006).

Next, the Movants purport to have the largest financial interest in the relief sought by the class as required by 15 U.S.C. § 78u-4(a)(3)(B)(iii). The Movants claim to have suffered financial losses of approximately $5,473.38. [DE 16-3]. The Court agrees that the Movant's approximate financial loss shows they have a meaningful financial interest at the very least. However, the Movants' claims are uncontested at this time leading the Court to conclude that the Movants have the largest financial interest.

To be appointed Lead Plaintiffs at this early stage of litigation, the Movants need only make a preliminary showing that they have satisfied the Rule 23(a) requirements of typicality and adequacy. *Winn*, 2001 WL 278113, at *5. Claims are typical when they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members." *Maiden*, 2006 WL 3404777, at *4 (internal quotations omitted). Here, the Movants claims are typical of the putative class because they purchased a security interest in Zimmer at the artificially inflated price during the class period just like all the other putative class members. [*See* DE 16-2, DE 16-3].

A lead plaintiff satisfies the Rule 23(a)(4) adequacy requirement "if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously." *In re Groupon, Inc. Sec. Litig.*, No.

12 C 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012). Here, there is no evidence of any conflict or antagonism between the Movants' claims and those asserted on behalf of the putative class. Movants' substantial financial losses create sufficient incentive to ensure vigorous advocacy. And Movants have retained competent, experienced counsel. Therefore, Movants satisfy the adequacy requirement.

In sum, the Movants have satisfied all statutory requirements in the PSLRA to be appointed Lead Plaintiffs.

### B.   APPOINTMENT OF CLASS COUNSEL

Once the court appoints lead plaintiff, "the lead plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78-u4(a)(3)(B)(v). In approving the lead plaintiff's selection of counsel, the court review the selection deferentially and only intervene if it is "necessary to protect the interests of the plaintiff class." *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001). Here, the expertise and experience of Glacy Prongay & Murray LLP, who Lead Plaintiffs seek approval for as Lead Class Counsel, and Katz & Korin, PC, who Lead Plaintiffs wish to be approved as Liaison Counsel, are sufficient and do not present any concerns that they cannot adequately represent the class.

### III.   CONCLUSION

Based on its interpretation of 15 U.S.C. § 78-u4 and its Rule 23(a) analysis, the Court **GRANTS** the instant motion. [DE 14]. The Court **APPOINTS** Rajesh Shah, Matt Brierly, and Eric Levy as Lead Plaintiffs. The Court also **APPOINTS** Glacy Prongay & Murray LLP as Lead Counsel for the Class and Katz & Korin, PC as Liaison Counsel. Lastly, the Court notes that Defendants have reserved their right to challenge class certification at an appropriate time.

**SO ORDERED.**

Dated this 3rd day of April 2017.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
